D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY J. CEPARANO

                Plaintiff,

                                                  **ORDER**
       -against-                              **09 CV 558 (SJF)(AKT)**

SUFFOLK COUNTY DEPARTMENT OF HEALTH,
SUFFOLK COUNTY CORRECTIONAL FACILITY
MEDICAL UNIT, DEPARTMENT OF HEALTH
COMMISSIONER HUMAYUN CHAUNDRY,
SUFFOLK COUNTY CORRECTIONAL FACILITY
CHIEF ADM VINCENT GERACI, DOCTOR "IGOR",
DR. PRENTISS, NURSE PRACTITIONER ALICE,
NURSE PRACTITIONER "JANE DOE",
DRUG/ALCOHOL COUNSELOR ELIANA, and
NURSE "JAMES DOE" LPN,

                Defendants.
--------------------------------------------------------X
FEUERSTEIN, J.

On February 6, 2009, *pro se* plaintiff Anthony J. Ceparano ("Plaintiff") commenced this action against defendants Suffolk County Department of Health ("SCDH"), Suffolk County Correctional Facility Medical Unit, Department of Health Commissioner Humayun Chaundry, Suffolk County Correctional Facility Chief ADM Vincent Geraci, Doctor "Igor," Dr. Prentiss, Nurse Practitioner Alice, Nurse Practitioner "Jane Doe," Drug/Alcohol Counselor Eliana, and Nurse "James Doe" LPN, (collectively, "Defendants") asserting violations of 42 U.S.C. § 1983 ("Section 1983"). Plaintiff moved: (1) to compel the Court to issue certain orders on April 6, 2009; (2) for a default judgment pursuant to Rule 12 of the Federal Rules of Civil Procedure on April 27, 2009; (3) for judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure on June 16, 2009; and (4) to amend the caption on July 20, 2009. Pursuant to

Referrals dated April 15, 2009, April 27, 2009, and June 22, 2009, a Report and Recommendation (the "Report") of United States Magistrate A. Kathleen Tomlinson, dated March 25, 2010, recommended that (1) Plaintiff's motion to compel be denied; (2) Plaintiff's motion for a default judgment be denied; (3) Plaintiff's motion for judgment on the pleadings be denied; and (4) Plaintiff's motion to amend be denied. (Report, at 43-44.) The Report also recommended that Plaintiff's Complaint be *sua sponte* dismissed with prejudice. (Report, at 44.) Upon review of the Report and consideration of Plaintiff's objections, the objections are overruled and the Report is modified and, as modified, is otherwise accepted in its entirety.

I.   Discussion

   A.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de

novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Plaintiff's Objections

Plaintiff objects to the Report on the grounds that: (1) "the R & R claims that Defendant Suffolk County Department of Health 'lacks the capacity to be sued as a separate entity,'" (Plaintiff's Objections ("Pl. Obj."), at 6); (2) Judge Tomlinson incorrectly analyzed Plaintiff's claim pursuant to Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), (Pl. Obj., at 8); and (3) "there is no motion to dismiss before the Court," (Pl. Obj., at 42). Plaintiff also interposes various objections to the Report as a whole, asserting identical arguments to those he made before Judge Tomlinson.

Plaintiff first objects to the Report's recommendation that Plaintiff's claims against the SCDH be construed as claims against the County of Suffolk (the "County"), as the SCDH is an arm of the County. (Report, at 26.) Plaintiff appears to read this section of the Report as indicating that the SCDH is not amenable to suit pursuant to Section 1983. Consequently, he argues that "[a]ccording to the United States Supreme Court, [the SCDH] most certainly does have capacity to be sued as a 'person' under Section 1983." (Pl. Obj., at 6.) However, Judge Tomlinson did not conclude that a Section 1983 action could not be brought against the SCDH. Rather, she concluded that a Section 1983 action could not be maintained against the SCDH as

an entity separate and distinct from the County, and therefore, the claims against the SCDH would be construed as claims against the County. (Report, at 26.) As "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality," the Report properly construed Plaintiff's claims against the SCDH as claims against the County, and this objection is overruled. Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002).

Plaintiff further objects to the Report on the ground that Judge Tomlinson erroneously concluded that "Plaintiff's theory of liability against the [SCDH] and it's [sic] commissioner is that of 'respondeat superior.'" (Pl. Obj., at 7.) Plaintiff contends that his Section 1983 claim against the SCDH is not based upon *respondeat superior*, but rather that "the Dept [sic] of health designed a system that said 'inmates don't get our precious budget dollars spent on them – find an excuse to deny.'" (Pl. Obj., at 9.) A municipality or municipal entity cannot be held liable under Section 1983 on a *respondeat superior* theory. See Monell, 436 U.S. at 691; Linder v. City of New York, 263 F.Supp.2d 585, 591 (E.D.N.Y.2003). Instead, a municipal entity may only be held liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers [,] ... [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018, 56 L.Ed.2d 611.

Essentially, Plaintiff's claim is that the SCDH has adopted a custom of denying adequate medical care to inmates for the purpose of saving money. However, although Plaintiff has alleged a government custom or policy as required by Monell, he has not shown that there exists a "direct causal link between [the] municipal policy or custom, and [his] alleged constitutional

deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff fails to demonstrate that he did not receive adequate medical care. Instead, his Complaint alleges that he was seen by the Suffolk County Correctional Facility's medical staff on at least seven (7) occasions, and each time was treated for his illness or complaint. (Compl., at 7, 18-19, 24-27, 37-39). Plaintiff's allegations merely demonstrate that he disagreed with the treatment he received, but a complaint of this nature is insufficient to demonstrate a constitutional deprivation. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 2008) (noting that "mere differences of opinion between the prisoner and the defendant concerning the proper course of treatment do not constitute a violation of a prisoner's constitutional rights"). Accordingly, as Plaintiff has failed to allege a governmental custom or policy which caused the deprivation of his constitutional rights, this objection is overruled.

Plaintiff's final specific objection to the Report contests Judge Tomlinson's recommendation that this Court *sua sponte* dismiss Plaintiff's Complaint with prejudice as "there is no motion to dismiss before the Court." (Pl. Obj., at 42.) While Defendants did not move to dismiss Plaintiff's Complaint, this Court nevertheless has the authority to *sua sponte* dismiss frivolous complaints. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"). Accordingly, Plaintiff's objection is overruled, and his Complaint is dismissed. However, as a party shall be given leave to amend "when justice so requires," see Fed. R. Civ P. 15(a)(2), and as Plaintiff has, until this time, been proceeding *pro se*,[1] Plaintiff is given thirty (30) days from the date of this Order to file an Amended Complaint if able to do so. See Thompson v. Carter, 284 F.3d 411, 419 (2d

---

[1] Counsel for Plaintiff has recently filed a notice of appearance. (See DE 60).

Cir.2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991)) (noting that when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated"). Should Plaintiff fail to file an Amended Complaint within thirty (30) days from the date of this Order, his Complaint shall be dismissed with prejudice.

Petitioner's remaining objections to the Report contend that "the R&R is largely incorrect. It misquotes the facts, mischaracterizes the substance of issues and the events behind them, and completely ignores prevailing case law, often from Supreme Court rulings." (Plaintiff's Objections ("Pl. Obj."), at 5.) However, instead of objecting to specific findings made by Judge Tomlinson, Plaintiff objects to the entire "Report and Recommendation of the Hon. A. Kathleen Tomlinson with the exception of [two (2)] concessions" regarding moot claims against the Suffolk County Correctional Facility. (Plaintiff's Objections ("Pl. Obj."), at 1.) "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.'" Vega, 2002 WL 31174466, at *1 (quoting Dennard v. Kelly, No. 90-CV-0203E, 1997 WL 9785 at *1 (W.D.N.Y.1997)). It is improper for Plaintiff to "attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Camardo v. GM Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992). Accordingly, and as previously noted, if a "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." McAllan v. Von Essen, 517 F.Supp.2d 672, 679 (S.D.N.Y.2007). See also Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009

WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009) (noting that "Plaintiff's objections largely rehash arguments previously submitted . . . [and] [s]uch recycled assertions only require the Court to review the Report for clear error"). This Court finds that Judge Tomlinson's Report withstands clear error review, and therefore, Plaintiff's general objections are overruled.

II.  Conclusion

For the foregoing reasons, the Report is modified to grant Plaintiff leave to file an Amended Complaint within thirty (30) days from the date of this Order. As modified, the Report is otherwise accepted in its entirety, and (1) Plaintiff's motion to compel is denied; (2) Plaintiff's motion for a default judgment is denied; (3) Plaintiff's motion for judgment on the pleadings is denied;(4) Plaintiff's motion to amend is denied; and (5) Plaintiff's Complaint is *sua sponte* dismissed with leave to file an Amended Complaint.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

July 3, 2010
Central Islip, New York