UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY J. CEPARANO,

               Plaintiff,

                         **ORDER**
  -against-                     09cv558 (SJF)(AKT)

SUFFOLK COUNTY DEPT. OF HEALTH,
S.C.C.F. MEDICAL UNIT, DEPT. OF HEALTH
COMM. HUMAYUN CHAUNDRY, S.C.C.F. CHIEF
ADAM VINCENT GERACI, DOCTOR "IGOR,"
DR. PRENTISS, NURSE PRACTITIONER ALICE,
NURSE PRACTITIONER "JANE DOE,"
DRUG/ALCOHOL COUNSELOR ELIANA, NURSE
"JAMES DOE" LPN,

               Defendants.
-----------------------------------------------------------X

FEUERSTEIN, J.

On December 4, 2013, this Court issued an order (the "Order") granting summary judgment to Alice Butkos ("Butkos") and the County of Suffolk ("the County," together with Butkos, "defendants"), and dismissing the complaint filed against them by plaintiff Anthony Ceparano ("plaintiff"). [Docket Entry No. 133]. On December 9, 2013, judgment was entered and the action was closed. [Docket Entry No. 134].

Now before the Court is plaintiff's "Motion for Reconsideration [of the] Order, Or, In the Alternative, His Motion for Reargument" ("Motion for Reconsideration").[1] [Docket Entry No. 138]. For the reasons that follow, plaintiff's Motion for Reconsideration is DENIED.

---

[1] Plaintiff served defendants with the Motion for Reconsideration on December 23, 2013. [Docket Entry No. 135]. The fully briefed motion was filed with the Court on February 7, 2014. [Docket Entry No. 138].

I.      Standard of Review

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Local Rule 6.3. A movant under Local Rule 6.3 must submit "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." *Id.*

"The standard for granting [a motion for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 168 (S.D.N.Y. 2013) ("A court must narrowly construe and strictly apply 6.3 so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment."). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted).

II. Discussion

   A.   December 4, 2013 Order

By Order dated December 4, 2013, this Court granted defendants' motion for summary judgment upon finding that plaintiff had failed to raise a genuine issue of material fact as to his claims for: (i) deliberate indifference to his medical needs by Butkos, and (2) municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

   1. Deliberate Indifference

As set forth in the Order, "[p]laintiff's claim that Butkos denied him adequate medical care in violation of his constitutional rights requires a showing of 'deliberate indifference to [a prisoner's] medical needs.'" Order, at 9 (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))). The Court set forth the standard for deliberate indifference:

> The test for deliberate indifference to medical needs has both an objective and a subjective component. *Callazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *Hill*, 657 F.3d at 122.
>
> \* \* \*
>
> To satisfy the objective element of deliberate indifference, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hill*, 657 F.3d at 122 (quoting *Hathaway*, 99 F.3d at 553). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire whether (1) the inmate was "actually deprived of adequate medical care," and (2) "the inadequacy in medical care [was] sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 266 (2d Cir. 2006).
>
> \* \* \*
>
> "Subjectively, the official must have acted with the requisite state of mind." *Collazo*, 656 F.3d at 135 (quoting *Hathaway*, 99 F.3d at

3

> 553); *see also Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind"). "In order to show than an individual was deliberately indifferent to the plaintiff's serious medical needs, the plaintiff must show (1) that '[the individual] knew of a substantial risk of serious harm to [plaintiff's] health,' and (2) that '[the individual] consciously disregarded that risk." *Ceparano v. Suffolk Cnty. Dep't of Health*, 485 F. App'x 505, 507-08 (2d Cir. 2012) (quoting *Hathaway*, 99 F.3d at 553).

Order, at 9-11.

With respect to the objective element of deliberate indifference, the Court reached the following conclusion:

> Plaintiff has failed to establish that he received inadequate medical care from Butkos. It is undisputed that plaintiff was seen by Butkos at the JMU on at least ten occasions, Butkos prescribed Tylenol for plaintiff's pain, and also prescribed back stretching exercises to treat plaintiff's back condition, which plaintiff conceded relieved his pain. Butkos' decision not to order an orthopedic consultation for plaintiff was a medical judgment, the reasonableness of which is further highlighted by the facts that plaintiff's condition eventually improved to the point where he could perform the prescribed exercises and he no longer needed pain medication, and that he did apparently did not seek, and did not receive, an orthopedic consultation or surgical intervention while incarcerated in a state facility for three (3) additional years. Thus, there was no urgency and there was no inadequacy of treatment, much less a serious inadequacy.

*Id.* at 10.

As to the subjective element of deliberate indifference, the Court found that "[p]laintiff submits no evidence other than his own unsupported conclusion which could support a finding of substantial disregard for his health." *Id.* at 11. Accordingly, the Court held that "[p]laintiff has failed to establish that Butkos knew of and substantially disregarded a known risk of serious harm to his health." *Id.*

4

2. Municipal Liability

As explained by the Court in the December 3, 2014 Order, "[i]n order to prevail on [a *Monell*] claim against a municipal defendant, the plaintiff must establish as a prerequisite an underlying constitutional violation on the part of individual municipal actors." Order, at 12. The Court concluded that "plaintiff has not demonstrated an underlying constitutional violation to which *Monell* liability can extend" because plaintiff "failed to establish that Butkos provided constitutionally inadequate medical care." *Id.* at 13. The Court also noted that plaintiff "presented no admissible evidence that the County has a custom or policy to deny treatment in order to save money or that such a policy or custom caused him to receive inadequate medical treatment while incarcerated at S.C.C.F." *Id.*

B. Motion for Reconsideration

Plaintiff contends that the Court overlooked the following facts when it determined that plaintiff failed to raise a genuine issue of fact as to the objective prong of the deliberate indifference inquiry: (1) "that Mr. Ceparano's back condition did not improve," (2) "that he continually sought pain management throughout his incarceration at S.C.C.F. and in the State system," and (3) "that he eventually received his surgery."[2] (Pl.' Mem. of Law in Supp. Of Mot. for Recons. ("Mot") [Docket Entry No. 138-1], at 4-5).

As to the improvement of plaintiff's condition, plaintiff argues that this Court "misunderstood that it was not Mr. Ceparano's back condition that improved but a separate condition – injuries to his femur and pelvis." (*Id.* at 3). Plaintiff then concludes that the fact that

---

[2] Plaintiff does not inform the Court of the date that he underwent surgery. As of August 23, 2013, plaintiff was scheduled to receive lumbar fusion surgery on August 30, 2013. (Pl.' 56.1 Stmt. [Docket Entry No. 130-13], ¶ 85). Given plaintiff's representation in the Motion for Reconsideration, dated December 23, 2013, that he had "received his surgery," the Court concludes that plaintiff must have received the surgery sometime between August 23, 2013 and December 23, 2013.

5

these separate injuries "eventually improved have no bearing on the reasonableness of Nurse Butkos's failure to order Mr. Ceparano an orthopedic consultation." (*Id.*). Assuming, *arguendo*, that the Court misunderstood which of plaintiff's conditions had improved to the point that he was able to perform the back exercises prescribed by Butkos, such a misunderstanding would not "alter the conclusion reached by the court" in the Order. *Shrader*, 70 F.3d at 257.

The improvement of plaintiff's condition was just one (1) of many facts relied upon by the Court in determining that plaintiff failed to establish that he received inadequate medical care from Butkos. Regardless of whether the injuries that improved were to plaintiff's back, or his femur and pelvis, or whether plaintiff "continually sought pain management throughout his incarceration at S.C.C.F. and in the State system," (Mot., at 4-5), the fact remains that plaintiff "apparently did not seek, and did not receive, an orthopedic consultation or surgical intervention while incarcerated in a state facility for approximately three (3) additional years." Order, at 10. Plaintiff does not contend that the Court has overlooked some detail that would change this fact, nor could he. Indeed, plaintiff's Motion for Reconsideration altogether ignores this fact upon which the Court based its conclusion that Butkos' failure to order a surgical consultation was not sufficiently serious because there was no "condition of urgency." *Hill*, 657 F.3d at 122.

Furthermore, none of the facts purportedly overlooked by the Court create a genuine issue of material fact as to whether Butkos' failure to order a surgical consultation was "sufficiently serious." *Salahuddin*, 467 F.3d at 266. Instead, plaintiff's reliance on the fact that he eventually received surgery in 2013 provides additional support for this Court's determination that "there was no urgency," and thus, "there was no inadequacy of treatment, much less a serious inadequacy." Order, at 10. Plaintiff has not presented facts that were overlooked by this Court in its December 4, 2013 Order that "might reasonably be expected to alter the conclusion


6

reached by the court" as to the objective element of deliberate indifference,[3] and therefore, the deliberate indifference claim in its entirety.[4] *Williams v. County of Nassau*, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Accordingly, plaintiff's Motion for Reconsideration is denied.

III. Conclusion

For the foregoing reasons, plaintiff's Motion for Reconsideration is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: September 4, 2014
Central Islip, New York

---

[3] In light of this determination, the Court does not address plaintiff's remaining arguments regarding the subjective element of deliberate indifference. *See Allah v. Michael*, 506 F. App'x 49, 51 (2d Cir. Dec. 21, 2012) (summary order) (affirming district court's dismissal of plaintiff's deliberate indifference claim where plaintiff failed to satisfy objective prong of the test); *Feder v. Sposato*, No. 11-CV-193, 2014 WL 1801137, at *8 (E.D.N.Y. May 7, 2014) (noting Court need not resolve factual dispute regarding objective prong where "the uncontroverted evidence makes clear that plaintiff cannot satisfy the subjective prong of his deliberate indifference claim, even construing the evidence in plaintiff's favor").

[4] The Court need not consider plaintiff's contentions regarding his *Monell* claim, since plaintiff cannot establish an underlying constitutional violation. *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (*Monell* "extends liability to a municipal organization where . . . the policies or customs that [the organization] sanctioned, led to an independent constitutional violation.").